JOURNAL ENTRY and OPINION
Defendant-appellant Stacey Long appeals from the order of consecutive sentences imposed upon him by the trial court after appellant entered guilty pleas to charges of assault on a peace officer, aggravated assault and domestic violence.
Appellant argues the trial court's order is flawed on the basis the trial court failed either to make the requisite findings or to explain its reasons prior to imposing consecutive sentences. Since this court determines appellant's argument may be considered, and since appellant is correct, appellant's sentences must be reversed and this case must be remanded for further proceedings in compliance with statutory requirements.
The record reflects appellant originally was indicted in CR-384,416 on two counts as follows: (1) assault, R.C. 2903.13, with a peace officer specification; and (2) aggravated robbery, R.C. 2911.01, with a peace officer specification, a notice of prior conviction and a repeat violent offender specification. Appellant pleaded not guilty to the charges and was assigned counsel to represent him.
Following several pretrial hearings, appellant entered into a plea agreement whereby, in exchange for his guilty plea to count one, the state would dismiss the second count. The trial court held a hearing on the matter before accepting appellant's plea. Upon being notified by the parties that appellant recently had been indicted on additional charges for an unrelated incident, and that the new case perhaps soon could be "resolve[d]," the trial court deferred appellant's sentencing by ordering him referred to the probation department for a presentence investigation and report.
One week later, appellant's case was called for sentencing. At that time, the parties informed the trial court that a plea agreement also had been reached in the new case; they requested the trial court sentence appellant in both cases "at the same time."
Thus, the trial court first held a plea hearing in Case No. CR-"385716."[1] The prosecutor indicated that appellant would be pleading guilty to count one, amended from a charge of "felonious assault" to a charge of "aggravated assault," and count two, viz., "domestic violence." The trial court ultimately accepted appellant's plea in the new case.
The trial court thereupon proceeded to sentence appellant "in Docket [numbers CR-]384416 and 385716," stating in pertinent part as follows:
 THE COURT: * * * These are serious charges that the Court is going to sentence you on, 2929.11, under all the provisions related thereto. In Docket 384416 we have an injury to a police officer count. It's a little tough to injure a police officer.
 Who's safe? That's the way we look at a person that assaults a police officer. We're going to sentence you to one year. Taking it all into consideration, the fact that you have done time before and you did a stretch and a long one, you should know better than to get involved in this type of violent activity again. In the second case, in Docket 385716, in June of 1999, you had this felonious assault regarding Stacey Long — aggravated assault regarding Stacey Long rather, and this domestic violence, and we're going to sentence you to a concurrent sentence of one year in the first count, nine months in the second count, and they run concurrently to each other, but consecutive to the other docket, 384416. You have a total of two years to do and you're going to get credit for time served at the defendant's request. The sentence to begin today. Good luck to you. * * *
This court subsequently granted appellant's motion made pursuant to both App.R. 5(A) and (C)(1) and to R.C. 2953.08(C) to file a delayed appeal of his sentence.
Appellant presents the following as his sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THAT APPELLANT SERVE THE SENTENCE ON EACH CASE CONSECUTIVELY WITHOUT COMPLYING WITH THE REQUIREMENTS OF OHIO REV. CODE 2929.14.
THE SENTENCE IS THEREFORE CONTRARY TO LAW.
Appellant argues his sentence was improper on the basis the trial court failed to make the requisite statutory findings prior to ordering his sentences in CR-384,416 and CR-385,716 to be served consecutively. Although the state concedes appellant's argument has merit, this court first must address the question of whether appellant's assignment of error properly may be considered.
Appellant has designated only CR-384,416 in his notice of appeal; however, he challenges the trial court's imposition of sentence in CR-385,716 as well. Ordinarily, an appellant who seeks to challenge a consecutive sentence imposed in more than one case does so either by designating each case in a single notice of appeal or by filing separate notices of appeal for each lower court case number. See, e.g., State v. Youngblood (May 17, 2001), Cuyahoga App. No. 77997, unreported; State v. Linde (June 5, 2001), Belmont App. No. 99-BA-21, unreported; State v. Hall (Aug. 31, 2000), Cuyahoga App. Nos. 77607, 77608, unreported.
Nevertheless, this court previously has permitted an appeal such as appellant's to proceed without addressing the deficiencies of an incomplete notice of appeal and, by extension, an incomplete appellate record. See, e.g., State v. King (Sept. 14, 2000), Cuyahoga App. No. 76696, unreported; State v. Brown (July 20, 2000), Cuyahoga App. No. 76654, unreported.[2] The better approach is to set forth the reasoning that authorizes this court's full consideration of appellant's argument.
Appellant filed his notice of appeal from the order of sentence pursuant to R.C. 2953.08, which provides in pertinent part:
 S 2953.08 Grounds for appeal by defendant or prosecutor of sentence for felony; appeal cost oversight committee.
 (A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
* * *
(4) The sentence is contrary to law.
* * *
 (C) In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true.
(Emphasis added.)
The most serious crime of which appellant in this case was convicted was a fourth degree felony. Pursuant to R.C. 2929.14(A), the maximum term allowed for such an offense is eighteen months. The trial court's imposition of a term of incarceration upon appellant in both cases at one time, which in the aggregate totaled twenty-four months, thus places appellant's appeal within the provisions of R.C. 2953.08(C).
Moreover, a trial court's failure at the sentencing hearing to comply with the statutory requirements prior to imposing consecutive terms of incarceration upon appellant renders it a sentence "contrary to law"; therefore, appellant's appeal also falls wihin the purview of R.C.2953.08(A)(4). State v. Culp (May 25, 2001), Champaign App. No. 2000-CA-17, unreported.
This court has previously observed that the new statutory scheme "discourages the imposition of consecutive sentences generally." State v. Youngblood, supra. See, also, R.C. 2929.41. Since a review of the record demonstrates the trial court failed to give its findings and reasons for imposing consecutive sentences as required by R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c), appellant's assignment of error is sustained. State v. Haamid (June 28, 2001), Cuyahoga App. Nos. 78220, 78221, unreported; State v. Rose (Aug. 24, 2000), Cuyahoga App. No. 77455, unreported.
The trial court's order imposing sentence is reversed. This cause is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and COLLEEN CONWAY COONEY, J. CONCUR.
 _________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
[1] The case file for CR-385,716 has not been included in the record on appeal.
[2] Accord, State v. Johnson (Sept. 29, 2000), Franklin App. No. 99AP-1463, unreported.